UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT SWALLERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:16-cv-00656-JMS-MPB |
| ) | |
| F.B.I., *d.b.a. U.S. GOVERNMENT*, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

**I.**

The request to proceed *in forma pauperis* [dkt 2] is **granted.**

**II.**

**A.**

The plaintiff is a resident of Indianapolis and with this lawsuit continues his confused, redundant and often bizarre campaign of federal civil litigation. In this iteration, Swallers seeks injunctive relief from two components of the Department of Justice, a cabinet department of the Executive Branch of the United States government. The two components designated as defendants are the Federal Bureau of Investigation and the United States Marshals Service.

**B.**

Setting to one side that Swallers has once again improperly presented a tome disguised as a pleading--a tactic which is condemned, *see Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006)("District courts should not have to read and decipher tomes disguised as pleadings."); *United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003)("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need

not try to fish a gold coin from a bucket of mud.")--there are two features of the complaint which doom it to summary dismissal.

- The first of these, of course, is a function of what agencies have been sued. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 114 S. Ct. 996, 1000 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* "Plaintiff names as defendants the FBI and the USMS. It is well established that the United States and its agencies are generally immune from liability unless their sovereign immunity is expressly waived. . . . The USMS, as well as the FBI, as agencies of the United States, are therefore entitled to sovereign immunity." *Lora-Pena v. F.B.I.*, 2006 WL 2711834, at *2 (D.Del. Sept. 20, 2006)(internal citations omitted).

- The second of these is Swallers' undisguised effort in this action to regain custody of his child, Abigail. The domestic-relations exception precludes federal jurisdiction when a plaintiff seeks "one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support." *Friedlander v. Friedlander,* 149 F.3d 739, 740 (7th Cir. 1998); *see also United States v. Windsor,* 133 S. Ct. 2675, 2691 (2013)("Federal courts will not hear divorce and custody cases . . . because of the virtually exclusive primacy . . . of the States in the regulation of domestic relations.")(internal quotation omitted); *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reaffirming the "domestic relations exception" to exercising diversity jurisdiction and noting that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Struck v. Cook County Public Guardian*, 508 F.3d 858 (7th Cir. 2007); In addition, the *Rooker–Feldman* doctrine, *see generally Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr,* 551 F.3d 564, 568 (7th Cir. 2008).

These are jurisdictional impediments to Swallers proceeding. The Supreme Court has consistently reminded the lower federal courts that jurisdictional rules are those involving "a court's power to hear a case," not simply rules which may foreclose a plaintiff from obtaining any relief. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514–16 (2006). "[J]urisdiction is power to act." *Bailey v. Sharp,* 782 F.2d 1366, 1369 (7th Cir. 1986) (Easterbrook, concurring). Thus, the generous standard of interpretation afforded the pleadings of *pro se* litigants is of limited application when a court is required to make a jurisdictional ruling, and if the court lacks jurisdiction over the subject matter

its only proper course is to note the absence of jurisdiction and dismiss the case on that ground. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998).

### III.

### A.

"A complaint must always . . . allege ̎enough facts to state a claim to relief that is plausible on its face.̎" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). ̎A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The complaint fails to state a claim upon which relief can be granted and is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it violates the "short and plain statement" requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* and because it fails to state a plausible claim for relief against either of the defendants.

As explained in Part II.B. of this Entry, Swallers' complaint fails to state a claim that is plausible on its face.

### B.

The dismissal of the complaint is not the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). No final judgment shall issue at this time based on the dismissal of the complaint. Instead, Swallers shall have **through April 24, 2016** in which to **file an amended complaint.** *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015)("We've often said that

before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

An amended complaint, if filed, will completely supersede the original complaint and shall conform to the following guidelines:

- ! The amended complaint shall comply with the requirement of Rule 8(a)(2) that pleadings contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.

- ! The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- ! The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If no amended complaint is filed as permitted above, the action will be dismissed consistent with the dismissal of the complaint in Part III.B. of this Entry. If an amended complaint is filed, the court will issue whatever further order is warranted.

IT IS SO ORDERED.

Date: March 31, 2016

_Hon. Jane Magnus-Stinson, Judge_
United States District Court
Southern District of Indiana

Distribution:

BRENT ALLEN SWALLERS
539 S. Auburn St.
Indianapolis, IN 46241